IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CLARENCE CURRIE JONES, JR., | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| VS. | ) | Civ. No. 14-1147-JDT-egb |
| | ) | Crim. No. 04-10045-JDT |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER TO MODIFY THE DOCKET, GRANTING MOTION TO AMEND,
DENYING MOTION PURSUANT TO 28 U.S.C.§ 2255,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On June 23, 2014, the Movant, Clarence Currie Jones, Jr., filed a *pro se* motion pursuant to 28 U.S.C. § 2255. (ECF No. 1.) In that original motion, Jones asserts that his enhanced sentence, imposed pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unlawful in light of the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013).

On June 21, 2004, a federal grand jury returned a one-count indictment against Jones, charging him with possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). (*United States v. Jones*, No. 04-10045-JDT (W.D. Tenn.).) Jones entered a guilty plea on January 7, 2005. (*Id.*, Min. Entry, Crim. ECF No. 19.) There was no written plea agreement. At a hearing on April 29, 2005, the Court found that Jones was

subject to an increased sentence under the ACCA and sentenced him to a 180-month term of imprisonment. (*Id.*, Min. Entry, Crim. ECF No. 26.) Judgment was entered on May 3, 2005. (*Id.*, Crim. ECF No. 27.) The United States Court of Appeals for the Sixth Circuit affirmed. *United States v. Jones*, 453 F.3d 777 (6th Cir.), *cert. denied*, 549 U.S. 1044 (2006).

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing § 2255 Proceedings ("§ 2255 Rules"). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.* The movant is entitled to reply to the Government's response. Rule 5(d), § 2255 Rules. Movant has the burden of proving

2

that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

The ACCA provides as follows:

(e)(1) In the case of any person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1). The statute further defines "violent felony":

(2) As used in this subsection –

. . . .

(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;

*Id.* § 924(e)(2)(B)(i)–(ii).

At Jones's sentencing hearing, the Court found that he had three prior Tennessee felony convictions for aggravated robbery. Although Jones argued that those prior convictions, which were adjudicated together under docket number 99-94 in Madison County

Circuit Court, should be treated as only one conviction, this Court rejected that argument and found that the ACCA applied. Jones challenged that finding on direct appeal, but the Sixth Circuit also rejected his argument. *See* 453 F.3d at 780-81.

In his § 2255 motion, Jones contends that the decision in *Descamps* precludes the use of his prior aggravated robbery convictions as predicate "crimes of violence" under the ACCA. In *Descamps*, the Supreme Court held that the modified categorical approach cannot be used to determine the nature of a prior conviction under the ACCA "when the crime of which the defendant was convicted has a single, indivisible set of elements." 133 S. Ct. at 2282.

Movant's § 2255 motion is facially time barred. Twenty-eight U.S.C. § 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

4

Jones argues that his motion is timely because it was filed within one year after June 20, 2013, the date on which the Supreme Court issued its decision in *Descamps*, which he asserts is retroactive. (ECF No. 1 at 3.)

The § 2255 motion is timely only if the decision in *Descamps* involved a right that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." 28 U.S.C. § 2255(f)(3). A new rule is "made retroactive to cases on collateral review" only if the Supreme Court holds it to be retroactive. *Tyler v. Cain*, 533 U.S. 656, 662 (2001). The Supreme Court has not held *Descamps* to be retroactively applicable to cases on collateral review. Other courts have refused to give the decision in *Descamps* retroactive effect, both because it announced no new rule and because the Supreme Court has not held it to be retroactive. *See, e.g., Smith v. United States*, Nos. 3:05-CR-74-TAV-HBG-1, 3:15-CV-70-TAV, 2016 WL 3349298, at *3 (E.D. Tenn. June 15, 2016) (finding *Descamps* did not involve a newly recognized right); *United States v. Montes,* 570 F. App'x 830, 831 (10th Cir. 2014) ("We agree with the district court, however, that the *Descamps* decision did not recognize a new right. . . . The *Descamps* opinion simply applied existing doctrine. Numerous district courts have reached the same conclusion." (citations omitted)); *Groves v. United States,* 755 F.3d 588, 593 (7th Cir.) (stating, in *dicta,* that, "[t]o date, the Supreme Court has not made *Descamps* retroactive on collateral review"), *cert. denied*, 135 S. Ct. 501 (2014); *Berry v. United States,* No. 05-20048, 2014 WL 4854844, at *15 (E.D. Mich. Sept. 30, 2014) (the decision in *Descamps* does not state a new rule and is not retroactive) (report and recommendation adopted by district court).

5

Because the decision in *Descamps* is not retroactive, Jones had one year after his conviction became final to file a § 2255 motion. *See* § 2255(f)(1). The conviction became final in 2006, when the Supreme Court denied Jones's petition for certiorari on direct appeal. *See Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001). His § 2255 motion was filed on June 23, 2014, far outside the one-year statute of limitations, and is untimely.

On August 24, 2015, Jones filed a motion seeking to amend his § 2255 motion. Because he included only the criminal case number on the document, the motion was docketed only in that case. (*See* No. 04-10045, Crim. ECF No. 53.)[1] The motion includes a claim purportedly based on the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the definition of "violent felony" in the ACCA is unconstitutionally vague and that increasing a defendant's sentence under the clause is, therefore, a denial of due process. *Id.* at 2563. The decision in *Johnson* was held to be retroactive and thus applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

Although Jones's original § 2255 motion is untimely, the amendment purports to rely on *Johnson*; therefore, the Court will consider the amendment timely under § 2255(f)(3). Accordingly, Jones's motion to amend his § 2255 is GRANTED.

Although the Supreme Court invalidated the ACCA's residual clause, the decision in *Johnson* made it clear that the holding "does not call into question application of the Act to

---

[1] The Clerk is DIRECTED to docket a copy of the motion to amend filed in the criminal case in this § 2255 proceeding and terminate the motion in the criminal case.

the four enumerated offenses, or the remainder of the Act's definition of a violent felony." 135 S. Ct. at 2563. Jones's three convictions for aggravated robbery do not fall under the residual clause of the ACCA.

Tennessee Code Annotated § 39-13-402(a) provides that "[a]ggravated robbery is robbery as defined in § 39-13-401 . . . [a]ccomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon; or . . . [w]here the victim suffers serious bodily injury." Robbery is defined in § 39-13-401 as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." The Sixth Circuit has held, even after the decision in *Johnson*, that aggravated robbery in Tennessee is categorically a crime of violence under the ACCA because it falls under the Act's use-of-force clause, 18 U.S.C. § 924(e)(2)(B)(i), having "as an element the use, attempted use, or threatened use of physical force against the person of another." *See United States v. Bailey*, 634 F. App'x 473, 476-77 (6th Cir. 2015). *See also United States v. Gloss*, 661 F.3d 317, 318-19 (6th Cir. 2011) ("Any robbery accomplished with a real or disguised deadly weapon, or that causes serious bodily injury, falls under the first clause of the [ACCA's] definition of violent felony, as it necessarily involves 'the use, attempted use, or threatened use of physical force . . . .'" (citation omitted)).[2]

---

[2] Jones continues to assert in his amendment that his convictions no longer qualify under the ACCA because aggravated robbery in Tennessee can be committed either by violence or by "putting the person in fear." Tenn. Code Ann. § 39-13-401. That is true, but aggravated robbery in Tennessee *cannot* be committed without either using a deadly weapon (or something disguised as a deadly weapon) or causing serious bodily injury.

The Court finds that Jones's claim based on *Descamps* is time barred and that any claim under *Johnson* is without merit. The § 2255 motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also* Rule 4(b), Section 2255 Rules. Neither a response from the United States Attorney nor an evidentiary hearing is required. *See Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Therefore, the § 2255 motion is DENIED.

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v.*

*Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

There can be no question that the issues raised in this § 2255 motion are without merit for the reasons previously stated. Because any appeal by Jones on the issues raised in his § 2255 motion do not deserve attention, the Court DENIES a certificate of appealability.

To appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $505 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, Jones must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must instead file his motion to appeal *in forma pauperis* in the appellate court. Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal *in forma pauperis* is DENIED. Accordingly, if Jones files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

　s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE